UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD WALLACE,

              Petitioner,                **No. 6:15-cv-06060(MAT)**
                                            **DECISION AND ORDER**

    -vs-

PAUL CHAPPIUS, Superintendent,

              Respondent.
_____

## I.   Introduction

Pro se petitioner Richard Wallace ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that he is being detained in Respondent's custody in violation of his Federal constitutional rights. Petitioner is currently serving an indeterminate prison term of 25 years to life as the result of a judgment entered against him on October 24, 1997, in New York State Supreme Court, Monroe County (Affronti, J.), following a jury verdict convicting him of Murder in the Second Degree (N.Y. Penal Law § 125.25(1)).

## II.   Factual Background and Procedural History

The conviction here at issue stems from an incident on March 29, 1996, in which Petitioner shot and killed Sadiki Maxwell ("Maxwell") inside a grocery store in Monroe County. At some point prior to the shooting, Maxwell and one of his cohorts had broken into the home where Petitioner and his girlfriend lived, assaulted them, and robbed them of cash at gunpoint.

Later, while Petitioner, his girlfriend, and another man were driving around, they saw Maxwell on the street. Petitioner, armed with a handgun, got out of the car and followed Maxwell into a grocery store, where he fatally shot him multiple times. Petitioner ran back into the car and informed his girlfriend that he had killed Maxwell.

The jury convicted Petitioner as charged in the indictment. After Petitioner was sentenced, he pursued a direct appeal of his conviction. The Appellate Division, Fourth Department, of New York State Supreme Court unanimously affirmed the judgment, and the New York Court of Appeals denied leave to appeal. People v. Wallace, 270 A.D.2d 823 (4th Dep't), lv. denied, 95 N.Y.2d 806 (2000).

In pro se papers dated September 6, 2012, Petitioner attacked appellate counsel's effectiveness by filing an application for a writ of error coram nobis. The Appellate Division denied the motion on December 21, 2012, and denied reargument on March 15, 2013. The Court of Appeals denied leave to appeal on March 25, 2013.

On February 17, 2014, Petitioner filed a pro se motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 in Supreme Court, Monroe County (Affronti, J.) ("the § 440 Court"). Petitioner asserted that trial counsel was ineffective for failing to communicate to him that the prosecutor had extended an offer of a 25-year determinate prison term in exchange for his guilty plea to a charge of first-degree

manslaughter. Petitioner claimed to have first learned of the plea offer through a conversation he had with his mother, Angella Wallace ("Mrs. Wallace"), on July 27, 2013, when she visited him in prison. Petitioner submitted an affidavit from his mother in support of his motion. The § 440 Court ordered a hearing, which was conducted on June 9, 2014.

Following the hearing, the § 440 Court issued a written decision denying relief. Among other things, the § 440 Court held that Petitioner "did not meet his burden of establishing, by a preponderance of the evidence, that counsel failed to convey a plea offer to him." SR.251. According to Petitioner, he first learned of the alleged offer when his mother mentioned it to him when she visited him in prison in July 2013, and asked him why he "didn't take the plea." From speaking to his mother, Petitioner testified, he learned that the offer involved a plea to first-degree manslaughter in exchange for a 25-year determinate prison sentence and waiver of his right to appeal. SR.205-07. Although Mrs. Wallace's affidavit stated that the prosecutor had offered Petitioner a "plea deal of 25 years," the § 440 Court found that "her testimony at the hearing belie[d] [such a] belief," because she testified that her discussion with defense counsel did *not* include the nature of the plea or the sentence Petitioner would receive. Id. Notably, on cross-examination, Mrs. Wallace admitted that she did not know any of the terms of the plea offer. Rather, she said that defense counsel had told her that the prosecution was

-3-

going to make a plea offer, and because the case did not look good for Petitioner, he should take the plea. However, Mrs. Wallace did not know what crime her son would be expected to plead guilty to; nor did she know what sentence he would receive in return. The § 440 Court concluded that Mrs. Wallace's lack of detail when she related her conversation with defense counsel regarding Petitioner's sentence actually supported the testimony of the prosecutor, who said that he had no recollection of any offer and that, given the serious nature of the charges, such an offer would have required supervisory approval. The prosecutor testified that there was no information in the file to corroborate Petitioner's assertions regarding the alleged plea offer. The § 440 Court further concluded that "the weight of the evidence supports the view that no plea discussions *ever* occurred between the defense and the prosecution." SR.252 (emphasis in original). Finally, the § 440 Court took judicial notice of the fact that in 1997, New York's Penal Law required that prison sentences for class B felonies be indeterminate, not determinate. Thus, any offer of a determinate 25-year sentence in return for a guilty plea to first-degree manslaughter, a class B felony, would have been an illegal sentence. SR.252-53. Petitioner sought leave to appeal the denial of the C.P.L. § 440.10 motion, and the Appellate Division denied leave on [ ].

Petitioner filed his original petition on January 12, 2015 (Dkt #1), and an amended petition (Dkt #7) on May 5, 2015. He

asserts entitlement to habeas relief on the basis that his trial counsel was ineffective for failing to communicate a plea offer to him, and that he was prejudiced by counsel's performance because he would have elected to plead guilty had he known of the alleged plea offer. Respondent filed a memorandum of law in opposition arguing that the petition is untimely and is, in any event, without merit. Petitioner did not file a reply.

For the reasons discussed below, the Court dismisses the amended petition as untimely.

**III. Timeliness**

This matter is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year statute of limitations on state prisoners seeking habeas corpus review in federal court. See 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of four dates, including "(A) the date on which the [petitioner's] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1).

Calculating timeliness using subsection (A) of § 2244(d)(1) results in the petition being untimely. Here, the New York Court of Appeals denied Petitioner's application for leave to appeal on March 25, 2000. His conviction became final 90 days later, on

June 23, 2000, the date that his time to seek a writ of <u>certiorari</u> to the Supreme Court expired. <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 119 (2009). The petition was required to have been filed within one year of that date, i.e., by June 23, 2001. While "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[,]" 28 U.S.C. § 2244(d)(2), Petitioner did not file any such applications until 2013, when he brought an application for a writ of error <u>coram nobis</u>. By that time, however, over a decade had passed since the expiration of statute of limitations. "A state-court post-conviction motion cannot restart a statute of limitations period that has already run." <u>Conception v. Brown</u>, 794 F. Supp.2d 416, 420 (W.D.N.Y. 2011) (citing <u>Doe v. Menefee</u>, 391 F.3d 147, 154 (2d Cir. 2004) ("When the AEDPA limitations period expired on November 19, 1999, Wall had not yet filed the § 440 motion, thereby losing the opportunity to invoke 28 U.S.C. § 2244(d)(2)'s provision for tolling the limitations period during the pendency of a state post-conviction motion."); other citations omitted).

Subsection (D) of § 2244(d)(1) extends the statute of limitations for claims based on newly discovered evidence, and arguably could be applicable here. Petitioner claims that he first "discovered" that his attorney provided ineffective assistance on July 27, 2013, the date on which his mother first informed him that

-6-

the prosecutor had communicated to defense counsel an offer (never conveyed to Petitioner) whereby Petitioner could resolve the murder charge against him by pleading guilty to first-degree manslaughter in exchange for a sentence of 8 1/3 to 25 years. As Respondent points out, Petitioner's allegations in the petition about the nature and length of the sentence he would have received under the plea agreement are at odds with his assertions made in connection with the C.P.L. § 440.10 motion, where he claimed that the alleged sentence under the plea offer would have been a determinate term of 25 years. The Court agrees that this appears to be an attempt by Petitioner to tailor his allegations to comport with information he learned following the evidentiary hearing on his C.P.L. § 440.10 motion. As noted above, the § 440 Court observed that in 1997, former N.Y. Penal Law § 70.00(1) only permitted an indeterminate prison sentence with regard to a first-degree manslaughter charge. In 1997, then, the maximum sentence Petitioner could have received as a non-predicate felon was an indeterminate term 8 1/3 to 25 years. SR.228-29, 252-53. The § 440 Court found that "any offer of a determinate sentence of 25 years in return for a plea of guilty to Manslaughter in the First Degree would have been rejected by the court because it constituted an illegal sentence" in 1997. SR.252-53. Indeed, the illegality of the 25-year determinate sentence allegedly offered by the prosecutor was a key factor in the § 440 Court's conclusion that *no* plea offer ever had been extended to Petitioner.

This Court finds that subsection (D) of § 2244(d)(1) cannot apply here because Petitioner's alleged conversation with his mother in 2013 did not create a new "factual predicate" for his ineffective assistance claim. The § 440 Court found Mrs. Wallace's version of events not credible, given the discrepancies between her affidavit and testimony. It concluded that there was, in fact, no plea offer extended to Petitioner. AEDPA provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner provided no such evidence in state court, and he did not respond to Respondent's timeliness arguments in this proceeding. The Court therefore finds that Petitioner has failed to overcome the presumption of correctness accorded to the § 440 Court's factual determinations regarding, <u>inter alia</u>, witness credibility and the existence of a plea offer. <u>See</u> <u>Williams v. Ercole</u>, 486 F. App'x 208, 211, 2012 WL 2548535, at *2 (2d Cir. 2012) (unpublished opn.) (letter and affidavit that state court found to lack credibility did not create factual predicate within meaning of 28 U.S.C. § 2244(d)(1)(D) so as to delay start of limitations period for state prisoner seeking habeas relief under § 2254). Furthermore, Petitioner's shifting allegations regarding the substance of the alleged plea offer makes it even less credible that he had a conversation in 2013 with his

mother in which she provided the factual predicate for his ineffective assistance claim.

To qualify for equitable tolling of the statute of limitations, a habeas petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner has not attempted to make the requisite showing, and the Court concludes that there is no basis on the present record for finding that Petitioner pursued his rights diligently, and was obstructed from timely filing his petition by some extraordinary circumstance.

## IV.      Conclusion

For the reasons stated above, the amended petition (Dkt #7) is dismissed as time-barred. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

S/Michael A. Telesca

_____

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:     August 30, 2016
           Rochester, New York.